E-FILED on    2-16-6

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| McKESSON CORPORATION, and HBO & COMPANY, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>ARTHUR ANDERSEN LLP, ROBERT A. PUTNAM, and DOES ONE THROUGH TWENTY,<br><br>Defendants. | No. C-05-04020 RMW<br><br>ORDER DENYING PUTNAM'S MOTION FOR CERTIFICATION OF AN INTERLOCUTORY APPEAL AND A PARTIAL STAY OF PROCEEDINGS<br><br>[Re Docket Nos. 31, 33, 35] |

Defendant Robert A. Putnam moves for this court to certify for interlocutory appeal its order denying his motion to dismiss for lack of personal jurisdiction. For the reasons given below, the court denies the motion.

### I. BACKGROUND

Plaintiff McKesson Corporation acquired plaintiff HBO & Company, Inc. in January 1999. Accounting irregularities led to numerous lawsuits against the plaintiffs. In the present action, Plaintiffs seek damages from defendants Arthur Andersen LLP and Robert Putnam for their alleged

misconduct related to the acquisition. Putnam, styling himself a "specially appearing defendant,"[1] moved to dismiss all causes of action against him for lack of personal jurisdiction. In an order dated November 30, 2005, this court denied Putnam's motion. *McKesson Corp. v. Arthur Andersen LLP*, 2005 WL 3260288.

## II. ANALYSIS

"The historic policy of the federal courts has been that appeal will lie only from a final decision." Charles Alan Wright & Mary Kay Kane, *Law of Federal Courts* § 101 (6th ed. 2002). There are a few limited exceptions, one of which is 28 U.S.C. § 1292(b). Under § 1292(b), a district court may certify an order "not otherwise appealable" if the district court is "of the opinion that such order [1] involves a controlling question of law [2] as to which there is substantial ground for difference of opinion and [3] that an immediate appeal from the order may materially advance the ultimate termination of the litigation." Congress intended "that section 1292(b) is to be applied sparingly and only in exceptional cases." *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1027 (9th Cir. 1982).

**A. Controlling question of law**

Plaintiffs concede that whether this court has jurisdiction over Putnam is "a controlling question of law." Opp'n at 5 n.2. Indeed, the Ninth Circuit has stated that "all that must be shown in order for a question to be 'controlling' is that resolution of the issue on appeal could materially affect the outcome of litigation in the district court." *In re Cement*, 673 F.2d 1020 at 1026. Whether Putnam is subject to suit in this court will materially affect the outcome.

**B. Substantial ground for difference of opinion**

    **1. Effects test**

Putnam asserts that there is substantial difference of opinion as to whether the effects test of personal jurisdiction applies to non-tortious conduct. While in the abstract, there is room for difference of opinion on this point, whether the Ninth Circuit applies the effects test exclusively to

---

[1] "The time-honored ritual of a 'special appearance' has no place under the [Federal R]ules [of Civil Procedure]. . . . Rule 12(b) provides that no defense or objection is waived by being joined with one or more other defenses or objections in a responsive pleading or motion." Charles Alan Wright & Mary Kay Kane, *Law of Federal Courts* § 66 (6th ed. 2002).

tortious behavior is not reasonably in dispute. The Ninth Circuit in *Bancroft & Masters, Inc. v. Augusta National Inc.* applied the effects test to conduct that was not itself tortious: mailing a cease-and-desist letter to a plaintiff in the forum state. 223 F.3d 1082, 1087 (2000). *Bancroft & Masters* is not contradicted by any other Ninth Circuit case. This court's ruling that it had personal jurisdiction over Putnam was based in part on *Bancroft & Masters*. Putnam also points to district court cases from within the Ninth Circuit that state that the Ninth Circuit applies the effects test only in intentional tort cases, *e.g.*, *Cognigen Networks, Inc. v. Cognigen Corp.*, 174 F. Supp. 2d 1134, 1139 (W.D. Wash. 2001) (Lasnik, J.); *Rosenberg v. Seattle Art Museum*, 42 F. Supp. 2d 1029, 1037 n.8 (W.D. Wash. 1999) (Lasnik, J.); *Progressive N. Ins. Co. v. Fleetwood Enters., Inc.*, 2005 WL 2671353 (W.D. Wash. 2005) (Theiler, Mag. J.). These cases predate and are inconsistent with *Yahoo! Inc. v. La Ligue Contre le Racisme et L'Antisemitisme*, 433 F.3d 1199 (9th Cir. Jan. 12, 2006) (*en banc*).

After the ruling of this court that Putnam challenges, the Ninth Circuit decided *Yahoo!* Putnam points to the multiple opinions in that case as evidence that reasonable jurists could differ on whether the effects test can be applied to non-tortious conduct. While there is certainly room for disagreement among reasonable jurists in the abstract about the proper application of the effects test, a reasonable district court judge within the Ninth Circuit cannot escape the conclusion that the effects test can be applied to conduct other than an intentional tort. In *Yahoo!*, Judge William Fletcher wrote for an eight-member majority (in an eleven-member panel) that

> Many cases in which the *Calder* effects test is used will indeed involve wrongful conduct by the defendant. But we do not read *Calder* necessarily to require in purposeful direction cases that all (or even any) jurisdictionally relevant effects have been caused by wrongful acts. We do not see how we could do so, for if an allegedly wrongful act were the basis for jurisdiction, a holding on the merits that the act was not wrongful would deprive the court of jurisdiction.

*Id*. at 1207-08 (citations omitted). The court went on to hold that the non-tortious conduct that the defendants in *Yahoo!* directed into California gave California courts jurisdiction over them. *Id*. at 1211.

There is, from the perspective of this court, no room for disagreement on how to apply the effect test to the instant case. The *en banc* decision in *Yahoo!* would make any interlocutory appeal on this issue by Putnam futile.

**2. Arising out of**

Putnam also claims that McKesson's claims for contribution and indemnity do not strictly arise out of Putnam's contacts with California. Putnam appears to be arguing that since Putnam's California contacts are not necessary elements of either of McKesson's claims against him, these contacts are insufficient to give this court specific jurisdiction over him. This is too narrow a reading of the "arising out of" requirement. Putnam's contacts, such as sending comfort letters to McKesson in California, are intertwined with McKesson's claims against him. Furthermore, Putnam's objection on this point is foreclosed by *Yahoo!*, since the Ninth Circuit stated "In a specific jurisdiction inquiry, we consider the extent of the defendant's contacts with the forum and the degree to which the plaintiff's suit is related to those contacts. A strong showing on one axis will permit a lesser showing on the other." *Id*. at 1210. Putnam's contacts with California are sufficiently related to McKesson's claims against him for this court to have specific jurisdiction over him.

**C. Appeal will materially advance termination of the litigation**

An appeal at this point would not materially advance the ultimate termination of this litigation in any meaningful way. As revealed by the parties' arguments for and against a stay pending an interlocutory appeal, it does not appear that the Ninth Circuit's reversal of the court's order denying Putnam's motion to dismiss for lack of personal jurisdiction would end this litigation. Plaintiffs could either move to transfer proceedings to Georgia or file a separate action against Putnam there. Plaintiffs also assert that Putnam would remain a third-party witness in any action against Anderson alone.

Certification of an interlocutory appeal would not advance termination but would instead materially retard the progress of this litigation, since the trial must in any event proceed as to McKesson. *See Chas. Pfizer & Co. v. Laboratori Pro-Ter Prodotti Therapeutici S.p.A.*, 278 F. Supp. 148, 154 (S.D.N.Y. 1967). While Putnam seeks to halt only discovery against himself, by implication, this would delay trial involving both defendants once discovery involving McKesson

was concluded. This is therefore not a case that warrants departing from the federal court system's standard policy against piecemeal review.

As the court will deny Putnam's motion for certification under § 1292(b), it will also deny Putnam's motion for a stay pending appeal.

### III.  ORDER

For the reasons above, Putnam's motion to certify for interlocutory appeal this court's order denying his motion to dismiss for lack of person jurisdiction is denied. Putnam's motion for a partial stay of proceedings pending appeal is also denied.

DATED:     2/15/06                              /s/ Ronald M. Whyte
                                                RONALD M. WHYTE
                                                United States District Judge

**Notice of this document has been electronically sent to:**

**Counsel for Plaintiffs:**

James E. Lyons          apark@skadden.com
Timothy A. Miller       tmiller@skadden.com

**Counsel for Defendants:**

Steven J. Rosenberg     sjrlaw@aol.com
Gwyn Quillen

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:**      2-16-6                              /s/ JH
                                            **Chambers of Judge Whyte**

ORDER DENYING PUTNAM'S MOTION FOR CERTIFICATION OF AN INTERLOCUTORY APPEAL AND A PARTIAL STAY OF PROCEEDINGS—No. C-05-04020 RMW
JAH                                      6